Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
RONALDO NOEL, WILMER BARRIOS CIFUENTES and
JAIRO MAZARIEGOS CIFUENTES, individually and on behalf
of all others similarly situated,

         Plaintiffs,

 -against-

480 ROCKAWAY OPERATING CORP. d/b/a GIANT BAGEL
and MATI TSADOK, as an individual,

         Defendants.
------------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

1. Plaintiffs, **RONALDO NOEL, WILMER BARRIOS CIFUENTES and JAIRO MAZARIEGOS CIFUENTES, individually and on behalf of all others similarly situated,** (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

**<u>PRELIMINARY STATEMENT</u>**

2. Plaintiffs, **RONALDO NOEL, WILMER BARRIOS CIFUENTES and JAIRO MAZARIEGOS CIFUENTES, individually and on behalf of all others similarly situated,** through undersigned counsel, bring this action against **480 ROCKAWAY OPERATING CORP. d/b/a GIANT BAGEL and MATI TSADOK, as an individual,** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at **480 ROCKAWAY OPERATING CORP. d/b/a GIANT BAGEL**, located at 480 Rockaway Turnpike, Lawrence NY 11559.

1

3. Additionally, Plaintiff **RONALDO NOEL** complains pursuant to the <u>New York State Human Rights Law, New York State Executive Law</u> §296, <u>et. seq.</u> ("NYSHRL"), and the <u>New York City Human Rights Law</u>, <u>New York City Administrative Code</u> § 8-107, <u>et seq.</u> ("NYCHRL") and seeks damages to redress the injuries he has suffered as a result of being **discriminated and retaliated against** based on his familial associations and caregiver status.

4. As a result of the violations of Federal and New York State laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

6. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

7. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C.§1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

9. Plaintiff RONALDO NOEL residing in Cedarhurst, NY was employed from in or around February 2019 until in or around August 2021 by Defendants at 480 ROCKAWAY OPERATING. CORP. d/b/a GIANT BAGEL, located at 480 Rockaway Turnpike, Lawrence, NY 11559.

10. Plaintiff WILMER BARRIOS CIFUENTES, residing in Inwood, NY was employed from in or around February 2019 until in or around March 2020 by Defendants at 480 ROCKAWAY OPERATING CORP. d/b/a GIANT BAGEL, located at 480 Rockaway Turnpike, Lawrence, NY 11559.

11. Plaintiff JAIRO MAZARIEGOS CIFUENTES, residing in Lawrence, NY was employed from in or around 2015 until in or around August 2020 by Defendants at 480 ROCKAWAY OPERATING CORP. d/b/a GIANT BAGEL, located at 480 Rockaway Turnpike, Lawrence, NY 11559.

12. Defendant, 480 ROCKAWAY OPERATING. CORP. d/b/a GIANT BAGEL, is a corporation organized under the laws of New York.

13. Defendant, 480 ROCKAWAY OPERATING. CORP. d/b/a GIANT BAGEL is a corporation authorized to do business under the laws of New York.

14. Upon information and belief, Defendant 480 ROCKAWAY OPERATING CORP. d/b/a GIANT BAGEL, is a corporation organized under the laws of New York with a principal executive office at 480 Rockaway Turnpike, Lawrence, NY 11559.

15. Upon information and belief, Defendant MATI TSADOK is the Chairman and Chief Executive Officer of 480 ROCKAWAY OPERATING. CORP. d/b/a GIANT BAGEL.

16. Upon information and belief, Defendant MATI TSADOK owns and operates 480 ROCKAWAY OPERATING. CORP. d/b/a GIANT BAGEL.

17. Upon information and belief, Defendant MATI TSADOK is an agent of 480 ROCKAWAY OPERATING. CORP. d/b/a GIANT BAGEL.

18. Defendant MATI TSADOK has power over personnel decisions at 480 ROCKAWAY OPERATING. CORP. d/b/a GIANT BAGEL.

19. Upon information and belief, Defendant MATI TSADOK has power over payroll decisions at 480 ROCKAWAY OPERATING. CORP. d/b/a GIANT BAGEL.

20. Defendant MATI TSADOK has the power to hire and fire employees, including the Plaintiffs, at 480 ROCKAWAY OPERATING. CORP. d/b/a GIANT BAGEL, establish and pay their wages, set work schedule, and maintain their employment records.

21. During all relevant times herein, Defendant MATI TSADOK was Plaintiffs' employer within the meaning of the FLSA and NYLL.

22. On information and belief, 480 ROCKAWAY OPERATING. CORP. d/b/a GIANT BAGEL, is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the

production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

23. At the time of the filing of this complaint, the relevant statutory period pursuant to the NYLL and FLSA is from in or around December 2015 through the present ("Relevant Statutory Period").

### *RONALDO NOEL*

24. Plaintiff RONALDO NOEL was employed from in or around February 2019 until in or around August 2021 by Defendants at 480 ROCKAWAY OPERATING. CORP. d/b/a GIANT BAGEL.

25. During Plaintiff RONALDO NOEL employment by Defendants at 480 ROCKAWAY OPERATING. CORP. d/b/a GIANT BAGEL, Plaintiff's primary duties were as a cook, food preparer, cleaner and dishwasher, while performing other miscellaneous duties.

26. Plaintiff RONALDO NOEL was paid by Defendants:
    i. approximately $600.00 per week from in or around February 2019 until in or around December 2019;
    ii. approximately $680.00 per week from in or around January 2020 until in or around December 2020;
    iii. approximately $795.00 per week from in or around January 2021 until in or around August 2021;

27. Plaintiff worked approximately sixty (60) hours or more per week during his employment by Defendants.

28. Although Plaintiff RONALDO NOEL worked approximately sixty (60) hours or more per week during his employment, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

29. Although Plaintiff RONALDO NOEL worked in excess of ten (10) hours or more hours per day, six (6) days a week from in or around February 2019 until in or around August 2021, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

30. Furthermore, in late 2020, Plaintiff RONALDO NOEL learned that his wife was diagnosed with a high-risk pregnancy.

31. Plaintiff RONALDO NOEL spoke to Defendant MATI TSADOK about his wife's condition and asked for permission to accompany his wife to her doctor's appointments.

32. Each time Plaintiff RONALDO NOEL sought permission from Defendant MATI TSADOK to accompany his wife to her doctor's appointments, Defendant reluctantly agreed and was visibly annoyed.

33. By way of example, Defendant MATI TSADOK frequently made comments to Defendant asking why his wife couldn't schedule her appointments for after 7:00pm so as to not interfere with Plaintiff RONALDO NOEL's workday.

34. Defendant MATI TSADOK pressured Plaintiff RONALDO NOEL to find a replacement to cover Plaintiff's shifts each time Plaintiff made a request for time off to accompany his wife to her Doctor's visits.

35. Defendant MATI TSADOK made it very clear to Plaintiff RONALDO NOEL that his requests were of great inconvenience and disapproved of despite Plaintiff RONALDO NOEL's insistence on his ability to provide a doctor's note excusing his absences.

36. In late July 2021, Plaintiff RONALDO NOEL explained to Defendant MATI TSADOK that Plaintiff's wife was due at any moment and so he needed time off to be able to care for her once she went into labor.

37. Plaintiff RONALDO NOEL offered to leave as much of his tasks prepared as possible prior to his departure, and Defendant MATI TSADOK was again visibly frustrated with Plaintiff.

38. On July 25, 2021, Plaintiff RONALDO NOEL left work early at approximately 4:00pm because it was his wife's due date.

39. As Plaintiff RONALDO NOEL's wife did not give birth that night, Plaintiff returned to work the next day. While at work, Plaintiff RONALDO NOEL received a call that his wife was being induced into labor.
40. Plaintiff RONALDO NOEL explained to Defendant MATI TSADOK that he needed to leave because his wife was being induced.
41. Defendant MATI TSADOK became angry with Plaintiff RONALDO NOEL, demanding that Plaintiff either stay and work or find a replacement to cover his shift.
42. Plaintiff RONALDO NOEL was able to find a replacement to work his shift and left to the hospital to meet his wife who was at that point almost in labor.
43. Plaintiff RONALDO NOEL's wife gave birth on July 26, 2021 and as the pregnancy was high risk, Plaintiff's assistance was required through his wife's discharge date of July 29, 2021 and at home immediately thereafter caring for the newborn baby and his recovering wife.
44. On August 1, 2021, Plaintiff RONALDO NOEL returned to work at Defendants' store and was told by Defendant MATI TSADOK "I don't need you anymore I found someone new who can do your whole job."
45. Shocked, humiliated, and offended, Plaintiff RONALDO NOEL asked Defendant MATI TSADOK if he was being asked to leave, to which Defendant MATI TSADOK told Plaintiff to "Take your [Plaintiff's] money and go," offering Plaintiff his final check.
46. As a result of Defendants' actions, Plaintiff RONALDO NOEL was extremely humiliated, degraded, victimized, embarrassed, and caused emotional distress.
47. As a result of the acts and conduct complained of herein, Plaintiff RONALDO NOEL has suffered a loss of income, pecuniary losses, emotional pain and suffering, inconvenience, humiliation, stress, anxiety, loss of enjoyment of life, and other non-pecuniary losses.
48. Upon information and belief, Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.
49. As such, Plaintiff RONALDO NOEL demands punitive damages as against all Defendants, jointly and severally.

### *WILMER BARRIOS CIFUENTES*

50. Plaintiff WILMER BARRIOS CIFUENTES was employed from in or around February 2019 until in or around April 2020 by Defendants at 480 ROCKAWAY OPERATING. CORP. d/b/a GIANT BAGEL.

51. During Plaintiff WILMER BARRIOS CIFUENTES employment by Defendants at 480 ROCKAWAY OPERATING. CORP. d/b/a GIANT BAGEL, Plaintiff's primary duties were as a counterperson, cleaner and supply stocker, while performing other miscellaneous duties.

52. Plaintiff WILMER BARRIOS CIFUENTES was paid by Defendants approximately $620.00 per week from in or around February 2019 until in or around April 2020.

53. Plaintiff worked approximately forty-six (46) hours or more per week during his employment by Defendants.

54. Although Plaintiff WILMER BARRIOS CIFUENTES worked approximately forty-six (46) hours or more per week during his employment, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

55. Furthermore, although Plaintiff WILMER BARRIOS CIFUENTES worked approximately 11 hours one day per week from in or around February 2019 until in or around April 2020, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

### *JAIRO MAZARIEGOS CIFUENTES*

56. Plaintiff JAIRO MAZARIEGOS CIFUENTES was employed from in or around June 2012 until in or around August 2020 by Defendants at 480 ROCKAWAY OPERATING. CORP. d/b/a GIANT BAGEL.

57. During Plaintiff JAIRO MAZARIEGOS CIFUENTES employment by Defendants at 480 ROCKAWAY OPERATING. CORP. d/b/a GIANT BAGEL, Plaintiff's primary duties were as a counterperson, food preparer, cook, cleaner and dishwasher, while performing other miscellaneous duties.

58. During the relevant statutory period, Plaintiff JAIRO MAZARIEGOS CIFUENTES was paid by Defendants:
    i. approximately $780.00 per week from in around December 2015 until in or around December 2017;
    ii. approximately $700.00 per week from in or around January 2018 until in or around December 2018;
    iii. approximately $800.00 per week from in or around January 2019 until in or around December 2019; and
    iv. approximately $880.00 per week from in or around January 2020 until in or around August 2020;
59. During the relevant statutory period, Plaintiff JAIRO MAZARIEGOS CIFUENTES worked:
    i. approximately 78 hours per week from in around December 2015 until in or around December 2017; and
    ii. approximately 66 hours per week from in or around January 2018 until in or around August 2020;
60. Although Plaintiff JAIRO MAZARIEGOS CIFUENTES worked approximately sixty-six (66) to seventy-eight (78) hours or more per week during the relevant statutory period, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.
61. Furthermore, although Plaintiff JAIRO MAZARIEGOS CIFUENTES worked in excess of ten hours per shift, six (6) days a week during the relevant statutory period, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

## WAGE NOTICE AND WAGE STATEMENT VIOLATIONS AS TO ALL PLAINTIFFS

62. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

63. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

64. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

65. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

66. Collective Class: All persons who are or have been employed by the Defendants as counterpersons, cooks, food preparers, cleaners, supply stockers, dishwashers, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wage compensation.

67. Upon information and belief, Defendants employed between 10 to 20 employees within the past three years subjected to similar payment structures.

68. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

69. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work without receiving appropriate minimum wage rates.

70. Defendants' unlawful conduct has been widespread, repeated, and consistent.

71. Upon information and belief, Defendant had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.
72. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.
73. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.
74. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
75. The claims of Plaintiffs are typical of the claims of the putative class.
76. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.
77. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

**Overtime Wages Under The Fair Labor Standards Act**

78. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
79. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).
80. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
81. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of
29 U.S.C. §§206(a) and 207(a).

82. Defendants willfully failed to pay Plaintiffs' overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

83. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

84. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

85. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

86. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

87. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

88. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor Law

89. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

90. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations.  N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4

91. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

### FOURTH CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

92. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragrap88hs.

93. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

94. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

### FIFTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

95. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

96. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

97. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

### SIXTH CAUSE OF ACTION

**Violation of the New York State Executive Law**

98. Plaintiff RONALDO NOEL re-alleges and incorporates by reference all allegations in all preceding paragraphs.

99. New York State Executive Law §296 provides that, "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's . . . sex, gender . . . familial status . . . to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

100. Defendants had no good faith business justification for any of their actions alleged herein.

101. As a result of Defendants' actions, Plaintiff RONALDO NOEL was extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

102. Because of the acts and conduct complained of herein, Plaintiff RONALDO NOEL has suffered a loss of income, special damages, inconvenience and other compensation, which such employment entails, and Plaintiff RONALDO NOEL has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

103. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.

104. Plaintiff RONALDO NOEL is entitled to the maximum amount allowable under this law.

## SEVENTH CAUSE OF ACTION

**Violation of the New York State Executive Law – AIDER AND ABETTOR LIABILITY**

105. Plaintiff RONALDO NOEL re-alleges and incorporates by reference all allegations in all preceding paragraphs.

106. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice: "For any person to **aid, abet**, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

107. DEFENDANT TSADOK engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory and retaliatory conduct.

108. DEFENDANT TSADOK is liable for aiding and abetting DEFENDANT GIANT BAGEL in the discrimination and wrongful retaliation faced by Plaintiff RONALDO NOEL.

109. DEFENDANT TSADOK was personally involved in the discriminatory and retaliatory actions against Plaintiff RONALDO NOEL.

110. DEFENDANT TSADOK, who was responsible for hiring and firing at DEFENDANT GIANT BAGEL, utilized his power, position, status, and authority to subject Plaintiff RONALDO NOEL to discriminatory practices.

111. But for DEFENDANT TSADOK's status at DEFENDANT GIANT BAGEL, DEFENDANT TSADOK would not have been able to discriminate/retaliate against Plaintiff RONALDO NOEL.

112. Collectively and individually, DEFENDANT TSADOK aided and abetted DEFENDANT GIANT BAGEL in the unlawful practices against Plaintiff RONALDO NOEL as asserted herein.

113. Because of Defendants' actions, PLAINTIFF RONALDO NOEL was extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

114. As a result of the acts and conduct complained of herein, PLAINTIFF RONALDO NOEL has suffered a loss of income, benefits, special damages and other compensation, which such employment entails, and PLAINTIFF RONALDO NOEL has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

115. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.

116. PLAINTIFF RONALDO NOEL is entitled to the maximum amount allowable under this law.

## EIGHTH CAUSE OF ACTION
### Violation of the New York City Administrative Code

117. Plaintiff RONALDO NOEL re-alleges and incorporates by reference all allegations in all preceding paragraphs.

118. The New York City Administrative Code § 8-107(1) provides that
    It shall be an unlawful discriminatory practice: (a) For an employer
    or an employee or agent thereof, because of the actual or perceived
    because of the actual or perceived age, race, creed, color, national

origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

119. DEFENDANTS engaged in an unlawful discriminatory practice in violation of New York City Administrative Code § 8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against PLAINTIFF RONALDO NOEL because of his familial associations and caregiver status.

120. PLAINTIFF RONALDO NOEL was discriminated and retaliated against for engaging in protected activities.

121. But for the fact that PLAINTIFF RONALDO NOEL is a father with caregiver responsibilities, DEFENDANTS would have not have terminated Plaintiff's employment.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiffs unpaid overtime wages;
c. Awarding Plaintiffs unpaid spread of hours compensation;
d. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
e. Awarding Plaintiffs prejudgment and post-judgment interest;
f. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and
g. Awarding such and further relief as this court deems necessary and proper.

h. Declaring that Defendants engaged in unlawful employment practices prohibited Title VII, the NYSHRL, and the NYCHRL in that Defendants discriminated against Plaintiff RONALDO NOEL for his caregiver status;

i. Awarding damages to Plaintiff RONALDO NOEL for all lost wages and benefits resulting from Defendants' unlawful discrimination and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices;

j. Awarding Plaintiff RONALDO NOEL compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

k. Awarding Plaintiff RONALDO NOEL punitive damages against the Defendants;

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: December 28, 2021.

    Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RONALDO NOEL, WILMER BARRIOS CIFUENTES and JAIRO MAZARIEGOS CIFUENTES, individually and on behalf of all others similarly situated,

                          Plaintiffs,

    -against-

480 ROCKAWAY OPERATING CORP. d/b/a GIANT BAGEL and MATI TSADOK, as an individual,

                          Defendants.

## SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
    Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601

  Kew Gardens, NY 11415
  Phone (718) 263-9591
  Fax (718) 263-9598

**TO:**

**480 ROCKAWAY OPERATING CORP.**
**d/b/a GIANT BAGEL**
480 Rockaway Turnpike
Lawrence, NY 11559

**MATI TSADOK**
480 Rockaway Turnpike
Lawrence, NY 11559

976 Dartmouth LN
Woodmere, NY 11598