

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415

Tel. (718) 263-9591 Fax. (718) 263-9598

April 24, 2023

**Via ECF**
The Honorable District Judge William F. Kuntz
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **Noel, *et al* v. 480 Rockaway Operating Corp., *et al***
Civil Docket No.: 21-cv-7147 (WFK)(SIL)

Dear Judge Kuntz:

Our office represents Ronaldo Noel, Wilmer Barrios Cifuentes, and Jairo Mazariegos Cifuents (collectively, "the Plaintiffs") and we submit this motion jointly with counsel for 480 Rockaway Operating Corp. d/b/a Giant Bagel and Mati Tsadok (collectively, "the Defendants"), requesting the Court's approval of the parties' Settlement Agreement. The terms of the parties' Settlement Agreement, attached hereto as **Exhibit 1**, were reached following two Court-annexed mediations held on February 21, 2023 and March 9, 2023.[1]

The parties submit this motion in support of their position that the Settlement Agreement is fair and reasonable and does not raise any of the concerns cited in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The parties address the monetary and non-monetary terms as well as Plaintiffs' counsel's requested attorneys' fees and respectfully request that the Court So Order or approve the Settlement Agreement.

**I. The Monetary Terms of the Settlement Agreement are Fair and Reasonable**

**a. The Settlement Amount**

The parties agreed to resolve this matter for the total amount of $75,000.00, inclusive of attorneys' fees, which are addressed below.

---

[1] The parties have submitted the settlement agreement unsigned as Plaintiffs are still in the process of executing the agreement. If necessary, the parties can supplement this motion with a fully executed copy of the agreement within one week or on or before May 1, 2023.

### b. Parties' Positions

Plaintiffs brought this action against Defendants alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). In general, Plaintiffs alleged that they were not paid proper overtime wages when they were required to work in excess of forty (40) hours per workweek and that they were not compensated for an additional hour at the applicable minimum wage rate when required to work in excess of 10 hours per shift in violation of the NYLL's spread of hours provision.

Plaintiffs were employed as food preparers, cooks and dishwashers at Defendants' bagel store located at 480 Rockaway Turnpike, Lawrence NY 11559. Plaintiff Ronaldo Noel alleged that he was employed from in or around February 2019 until in or around August 2021, Plaintiff Wilmer Barrios Cifuentes alleged that he was employed from in or around February 2019 until in or around April 2020, and Plaintiff Jairo Mazariegos Cifuentes alleged that he was employed from in or around June 2012 until in or around August 2020.

Plaintiffs alleged that they were regularly required to work forty-six (46) to sixty-six (66) hours per week, but that they were paid flat weekly salaries for all hours worked, including hours in excess of 40 per week. As such, Plaintiffs claimed that they were entitled to six (6) to twenty-six (26) hours of overtime owed per week. Plaintiffs also alleged that they regularly worked five (5) shifts per week in excess of 10 hours but were not compensated at an additional hour of pay at the applicable NYS minimum wage rate.

Defendants denied that the Plaintiffs were entitled to any recovery and that Plaintiffs were fully compensated for all hours worked including any overtime hours that they worked. Defendants' position is that Defendants maintained complete and accurate time and pay records that showed that Plaintiffs were properly compensated for all hours and that Plaintiffs signed pay acknowledgment forms each week indicating that they properly compensated for all work performed. Further, Defendants strongly contested Plaintiffs' allegations as to the number of hours worked by Plaintiffs each week.

The parties maintained factual disputes as to the dates of Plaintiffs' employment, the hours worked by Plaintiffs and the rates of pay paid to Plaintiffs. These factual disputes likely would not have been resolved until the time of trial. The parties also disagreed as to the records produced this case and what they signified. As such, both parties sought early resolution to avoid the continued costs of litigation and the potential risks associated with protracted litigation rife with factual and legal disputes.

### c. The Settlement Amount is Fair and Reasonable

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206-207 (2d Cir.

2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id*. (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id*. (citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC,* 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

The parties have agreed to settle all claims asserted in this matter for $75,000.00. The parties believe that this amount is reasonable considering the claims and defenses asserted and the fact that the terms of the Settlement Agreement was achieved only after two mediations with all parties present before a qualified and experienced wage-and-hour neutral. The parties had genuine, bona fide disputes over the dates of Plaintiffs' employment, the number of hours worked by Plaintiffs and the amounts of pay received by Plaintiffs, but both sides made compromises on their positions in order to achieve a fair and reasonable settlement. As such, the settlement amount represents a fair compromise over the outstanding factual and legal disputes that would not have likely been resolved until the time of trial.

## II.     The Non-Monetary Terms of the Settlement Agreement are Fair and Reasonable

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).

Here, the release in Paragraph 6(a) of the Settlement Agreement ("Release") is appropriately limited to claims under the FLSA and NYLL and other related wage-and-hour claims that could have been asserted in this litigation. The Release does not raise any concerns regarding unequal bargaining power between Plaintiffs and Defendants and the Release is not overbroad such that there is a concern that Plaintiffs are releasing any and all possible claims against Defendants, including claims completely unrelated to the claims asserted in this action.[2]

Furthermore, the Settlement Agreement does not contain any confidentiality provision that would otherwise preclude the parties from openly discussing their experiences litigating this matter as rejected by *Cheeks*.

---

[2]The parties also include a separate release in Paragraph 6(b) as to Plaintiff Noel who also brought a separate cause of action for alleged discrimination; this claim was also resolved as part of the settlement agreement achieved at mediation.

As the Release is carefully drafted to comply with Second Circuit case law in FLSA matters and there is no confidentiality clause contained in the Settlement Agreement, the parties' position is that the non-monetary terms of the Settlement Agreement are also fair and reasonable and comport with the standards articulated in *Cheeks*.

### III. Distribution to the Plaintiffs and Requested Attorneys' Fees and Expenses

#### a. Distribution to the Plaintiffs

The parties agreed to a global settlement of $75,000.00 to resolve all claims asserted in this action. If the Agreement is approved by the Court, Plaintiffs will recover an aggregate amount of $49,347.00, after requested attorneys' fees and reimbursement of expenses. Each Plaintiff will receive an amount proportional to their alleged damages, which factor into account the alleged dates of each Plaintiff's employment, alleged rates of pay received and alleged hours worked and also considers the documentation produced by Defendants during litigation.

#### b. Plaintiff's Counsel's Requested Attorneys' Fees and Expenses

Plaintiff's counsel respectfully requests $980.00 for identifiable expenses, which include:

- the Eastern District of New York filing fee in this matter: $402.00
- the cost of the EDNY Court-annexed mediation: $300.00
- the costs of service of the Complaint on all Defendants: $271.00
- postage fees: $7.00

Plaintiffs' counsel respectfully requests one-third of the settlement amount less the above expenses ($74,080.00), or $24,673.00 in attorneys' fees, as agreed upon in Plaintiffs' retainer agreements with this firm. Therefore, if this request is approved, the total amount to be paid to the attorneys for their fees and expenses in this matter is $25,653.00.

As such, the settlement funds as broken down into component parts is as follows:

**Settlement Amount:** $75,000.00
**Attorneys' Expenses:** $980.00
**Net Settlement Amount:** $74,080.00 ($75,000.00 - $980.00)
**Requested Attorneys' Fees:** $24,673.00 ($75,000.00 / 3)
**Total payable to Attorneys:** $25,653.00 ($24,673.00 + $980.00)
**Total payable to Plaintiffs:** $49,347.00 ($75,000.00 - $25,653.00)

Our office and the Plaintiffs have retainer agreements that are reduced to writing and are signed by the Plaintiffs. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). Courts in this District typically approve a fee of one-third or less of the settlement amount. *See Santos v. Yellowstone Props, Inc*., 2016 WL 2757427 at *4 (S.D.N.Y. May 10, 2016).

      This request for attorneys' fees is supported by the work performed by Plaintiffs' counsel and the recovery secured through their efforts. Furthermore, the fee requested is reasonable in relation to the recovery received by Plaintiffs.

### IV.   Closing

      In closing, the parties believe that the settlement amount and the terms of the Agreement are fair and reasonable. The settlement was the product of good faith negotiations between experienced and competent counsel through the Court-annexed mediation program and the terms of the Settlement Agreement comport with Second Circuit case law. As such, we respectfully request that the Court approve the Settlement Agreement in its entirety and dismiss this action against Defendants. We thank the Court for its consideration and remain available to provide any additional information.

      Respectfully submitted,

*James O'Donnell*
James O'Donnell, Esq.